# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

ELLIOTT WERNER, individually and on behalf of all others similarly situated,

                        Plaintiff,

    v.

EQUITY RESIDENTIAL, ERP OPERATING LIMITED PARTNERSHIP, and EQUITY RESIDENTIAL MANAGEMENT LLC,

                        Defendants.

Case No. 1:25-cv-06130-VSB-SLC

Honorable Vernon S. Broderick

# PLAINTIFF'S OPPOSITION TO DEFENDANTS'
# MOTION TO DISMISS THE CLASS ACTION COMPLAINT

**BURSOR & FISHER, P.A.**
Philip L. Fraietta
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0708
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Israel Rosenberg
Caroline C. Donovan
1330 Avenue of the Americas, Floor 32
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: irosenberg@bursor.com
      cdonovan@bursor.com

**TABLE OF CONTENTS**

INTRODUCTION AND FACTUAL BACKGROUND ................................................................1

LEGAL STANDARD.............................................................................................................2

ARGUMENT .......................................................................................................................3

   I.   THE COMPLAINT DOES NOT CONTAIN IMPROPER GROUP PLEADINGS ..........3

   II.   PLAINTIFF PROPERLY ALLEGES A G.B.L. § 349 CLAIM.......................................5

   III.   PLAINTIFF'S CLAIM FOR BREACH OF IMPLIED GOOD FAITH AND FAIR DEALING IS NOT DUPLICATIVE ....................................................................10

   IV.   PLAINTIFF PROPERLY PLEADS UNJUST ENRICHMENT IN THE ALTERNATIVE .........................................................................................12

CONCLUSION....................................................................................................................13

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Adler v. Pataki*,
  185 F.3d 35 (2d Cir. 1999) .................................................................................... 12

*Aguaiza v. Vantage Properties, LLC*,
  2009 WL 1511791 (N.Y. Sup. Ct. May 21, 2009) ................................................... 7

*Agudelo v. Recovo Mortg. Mgmt. LLC*,
  2025 WL 1674486 (E.D.N.Y. June 13, 2025) .......................................................... 3

*Angermeir v. Cohen*,
  14 F. Supp. 3d 134 (S.D.N.Y. 2014) ....................................................................... 3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 2

*Atuahene v. City of Hartford*,
  10 F. App'x 33 (2d Cir. 2001) .................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................. 2

*Bella v. Wilton Reassurance Life of New York*,
  2025 WL 1616851 (S.D.N.Y. June 5, 2025) ........................................................... 11

*Broder v. Cablevision Sys. Corp.*,
  418 F.3d 187 (2d Cir. 2005) ................................................................................. 8, 9

*Broidy v. Glob. Risk Advisors LLC*,
  2023 WL 6258135 (S.D.N.Y. Sept. 26, 2023) ......................................................... 3

*Buyers & Renters United to Save Harlem v. Pinnacle Grp. N.Y. LLC*,
  575 F. Supp. 2d 499 (S.D.N.Y. 2008) ...................................................................... 7

*Catalyst Advisors, L.P. v. Catalyst Advisors Invs. Glob. Inc.*,
  602 F. Supp. 3d 663 (S.D.N.Y. 2022) ................................................................ 11, 12

*Costoso v. Bank of Am., N.A.*,
  74 F. Supp. 3d 558 (E.D.N.Y. 2015) ........................................................................ 9

*Donnenfeld v. Petro, Inc.*,
  333 F. Supp. 3d 208 (E.D.N.Y. 2018) ...................................................................... 6

*Erickson v. Pardus*,
  551 U.S. 89 (2007) ............................................................................................ 2

*Franko v. Lewnowski*,
  2023 WL 2989050 (S.D.N.Y. Apr. 18, 2023) ................................................... 11

*Goetz v. Ainsworth Pet Nutrition, LLC*,
  768 F. Supp. 3d 645 (S.D.N.Y. 2025) ............................................................ 3, 5

*Hallmark Aviation Ltd. v. AWAS Aviation Servs., Inc.*,
  2013 WL 1809721 (S.D.N.Y. Apr. 30, 2013) ................................................... 12

*Hard Rock Cafe Int'l, (USA), Inc. v. Hard Rock Hotel Holdings, LLC*,
  808 F. Supp. 2d 552 (S.D.N.Y. 2011) .............................................................. 10

*Harte v. Ocwen Fin. Corp.*,
  2014 WL 4677120 (E.D.N.Y. Sept. 19, 2014) .................................................... 6

*In re Thelen LLP*,
  736 F.3d 213 (2d Cir. 2013) .............................................................................. 2

*Kapsis v. Am. Home Mortg. Servicing Inc.*,
  923 F. Supp. 2d 430 (E.D.N.Y. 2013) ................................................................ 5

*Kashef v. BNP Paribas SA*,
  2021 WL 1614406 (S.D.N.Y. April 26, 2021) ..................................................... 4

*LCM XXII Ltd. v. Serta Simmons Bedding, LLC*,
  2022 WL 953109 (S.D.N.Y. Mar. 29, 2022) ................................................ 10, 11

*McArdle-Bracelin v. Cong. Hotel, LLC*,
  2022 WL 486805 (N.D.N.Y. Feb. 17, 2022) ....................................................... 4

*Meyerson v. Prime Realty Servs., LLC*,
  796 N.Y.S.2d 848 (Sup. Ct. N.Y. Cnty. 2005) ................................................... 6

*Nat'l Convention Servs., L.L.C. v. Applied Underwriters Captive Risk Assurance Co., Inc.*,
  239 F. Supp. 3d 761 (S.D.N.Y. 2017) .............................................................. 12

*Negrete v. Citibank, N.A.*,
  187 F. Supp. 3d 454 (S.D.N.Y. 2016) .............................................................. 11

*Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*,
  875 F.3d 107 (2d Cir. 2017) .............................................................................. 9

*Nuance Commc'ns, Inc. v. Int'l Bus. Machines Corp.*,
  544 F. Supp. 3d 353 (S.D.N.Y. 2021) .............................................................. 10

*Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*,
  85 N.Y.2d 20 (1995) ............................................................................................ 5

*Perks v. TD Bank, N.A.*,
  444 F. Supp. 3d 635 (S.D.N.Y. 2020) ................................................................. 9

*Plavin v. Grp. Health Inc.*,
  35 N.Y.3d 1 (2020) ............................................................................................. 5

*Rank Grp. Ltd. v. Alcoa., Inc.*,
  2018 WL 1388516 (S.D.N.Y. Mar. 19, 2018) ................................................... 11

*Safani Gallery, Inc. v. Italian Republic*,
  2021 WL 3292262 (S.D.N.Y. Aug. 2, 2021) ....................................................... 3

*Saidnia v. Nimbus Mining LLC*,
  2023 WL 7005037 (S.D.N.Y. Oct. 24, 2023) ................................................... 12

*Seidler v. JPMorgan Chase Bank*,
  2024 WL 344551 (S.D.N.Y. Jan. 12, 2024) ........................................................ 8

*Transcience Corp. v. Big Time Toys, LLC*,
  50 F. Supp. 3d 441 (S.D.N.Y. 2014) ................................................................ 12

*Varughese v. Mount Sinai Med. Ctr.*,
  2013 WL 1385015 (S.D.N.Y. Apr. 3, 2013) ....................................................... 4

*Wilson v. Nw. Mut. Ins. Co.*,
  625 F.3d 54 (2d Cir. 2010) ................................................................................. 5

*23 Realty Associates v. Teigman*,
  213 A.D.2d 306 (1st Dep't 1995) ....................................................................... 7

*31FO, LLC v. Inc. Vill. of Lloyd Harbor*,
  2023 WL 6385187 (E.D.N.Y. Sept. 29, 2023) ................................................... 3

*42-50 21st St. Realty LLC v. First Cent. Sav. Bank*,
  2022 WL 1004187 (E.D.N.Y. Apr. 4, 2022) .................................................... 5, 9

**STATUTES**

N.Y. Gen. Bus. Law § 349 ................................................................................. Passim

N.Y. Gen. Oblig. Law § 7-108 ........................................................................ 1, 8, 9

N.Y. Pub. Serv. Law § 224 ..................................................................................... 9

N.Y. Ins. Law § 2601 .............................................................................................. 9

**RULES**

Fed. R. Civ. P. 8 ................................................................................................................... 2, 3, 12

Plaintiff Elliot Werner ("Plaintiff") respectfully submits this opposition to Defendants Equity Residential, ERP Operating Limited Partnership, and Equity Residential Management LLC's ("Equity Residential" or "Defendants") Motion to Dismiss Class Action Complaint (the "Motion" or "MTD") (ECF No. 20).

## INTRODUCTION AND FACTUAL BACKGROUND

This case boils down to one key claim. Plaintiff alleges that Defendants improperly charge their tenants for wear and tear in violation of New York law and their lease agreements. Specifically, Plaintiff alleges that fees for "Apartment Cleaning" and "Apartment Painting" are illegal charges for ordinary wear and tear. *See* Compl. ¶¶ 2, 17, 40, 83-90. Defendants notably do not dispute that they unlawfully charge for wear and tear. And, related to this allegation, Defendants have not moved to dismiss Plaintiff's claim under N.Y. Gen. Oblig. Law § 7-108 (1-a)(b) (second cause of action) nor Plaintiff's breach of contract claim (fourth cause of action). Therefore, what currently remains in dispute, and will be discussed in this brief, is Defendants' arguments concerning group pleading, Plaintiff's GBL claim, claim for breach of implied faith and fair dealing, and unjust enrichment claims. All other claims are waived by Defendants or conceded by Plaintiff.[1]

Defendants' arguments fail. *First*, the Complaint does not contain improper group pleadings because it properly puts Defendants on notice in compliance with Rule 8. *Second*,

---

[1] Defendants failed to move to dismiss Plaintiff's N.Y. Gen. Oblig. Law § 7-108 (1-a)(b) (second cause of action) and Plaintiff's breach of contract claim (fourth cause of action). Plaintiff concedes all claims concerning the concession credits, *see* Compl. ¶¶ 1, 5, 14, 16, 52-56, failure to receive remainder of deposit, *id.* ¶¶ 3-4, 39, and failure to timely receive his deposit refund statement, *id.* ¶¶ 39. Regarding his claims for improper deductions for wear and tear, Plaintiff concedes his claims for negligent misrepresentation and injunctive relief but does not concede his GBL claim (first cause of action), N.Y. Gen. Oblig. Law § 7-108 (1-a)(b) (second cause of action), breach of contract or breach of implied faith and fair dealing (fourth cause of action), and unjust enrichment (fifth cause of action).

Plaintiff properly claims a cause of action under G.B.L. § 349 because § 349 applies even in landlord/tenant circumstances and Defendants deceptive "Apartment Cleaning" and "Apartment Painting" billing was misleading because it is designed to induce tenants to think it was lawful non-wear and tear charges. *Third*, Plaintiff's claim for breach of implied faith and fair dealing is not duplicative of his breach of contract claim because he is allowed to plead his case in the alternative at this juncture. Likewise, *Fourth*, Plaintiff is permitted to plead his unjust enrichment claims in the alternative.

## LEGAL STANDARD

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegation contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), and "draw all reasonable inferences in the plaintiff's favor," *In re Thelen LLP*, 736 F.3d 213, 218 (2d Cir. 2013).

Pursuant to Rule 8(d)(2), "[a] party may set out [two] or more statements of a claim alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ.

P. 8(d)(2).  Rule 15(a) provides that leave to amend a pleading should be "freely give[n] ... when justice so requires."  *Safani Gallery, Inc. v. Italian Republic*, 2021 WL 3292262, at *6 (S.D.N.Y. Aug. 2, 2021) (Broderick, J.).

## ARGUMENT

### I.    THE COMPLAINT DOES NOT CONTAIN IMPROPER GROUP PLEADINGS

Defendants argue that Plaintiff's "Complaint should be dismissed in its entirety because the plaintiff relies on improper group pleadings."  MTD at 9.  This is wrong.

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)). "Rule 8(a)(2) does not demand that a complaint be a model of clarity," but "it requires at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Broidy v. Glob. Risk Advisors LLC*, 2023 WL 6258135, at *4 (S.D.N.Y. Sept. 26, 2023) (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)) (cleaned up).  "[W]here a complaint is detailed enough to 'enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial,' the complaint satisfies Rule 8 'even [if] it includes certain allegations against 'Defendants' collectively.'" *Goetz v. Ainsworth Pet Nutrition, LLC*, 768 F. Supp. 3d 645, 652 (S.D.N.Y. 2025) (citing *Angermeir v. Cohen*, 14 F. Supp. 3d 134, 144 (S.D.N.Y. 2014)).  Courts have found complaints fail to meet Rule 8 requirements when they are "improper kitchen-sink pleading obscuring both who asserts each claim and against whom each claim is made." *Agudelo v. Recovo Mortg. Mgmt. LLC*, 2025 WL 1674486, at *12 (E.D.N.Y. June 13, 2025); *see also 31FO, LLC v. Inc. Vill. of Lloyd Harbor*, 2023 WL 6385187, at *10 (E.D.N.Y. Sept. 29, 2023) (dismissing amended complaint under Rule 8(a)(2) that was an "everything but the kitchen sink-style pleading, a trackless forest of allegations reflecting an effort to throw everything against the wall and see

3

what sticks") (internal quotations omitted); *Varughese v. Mount Sinai Med. Ctr.*, 2013 WL 1385015, at *1 (S.D.N.Y. Apr. 3, 2013) (describing complaint that asserted 21 separate causes of action as a "kitchen sink" pleading).

Here, Plaintiff's allegations are simple and far from "kitchen sink" pleadings, as he has given fair notice to each Defendant of what his claims are and the grounds upon which they rest. First, Plaintiff distinguishes each Defendant. *See* Compl. ¶¶ 19-21. Plaintiff further alleges that Defendant Equity Residential is listed as "the leasing team, management team, marketing team, and developer" of the building at issue in this case. *Id*. ¶ 24. The lease agreement, as Plaintiff alleges, lists Defendant Equity Residential Management, L.L.C. as the lessor agent for the owner. *Id*. ¶ 25. Plaintiff further indicates the agents of Defendants whom he spoke with regarding the underlying facts of his claims. *Id*. ¶¶ 37, 42-46. Based on this, Plaintiff alleges that "each of these Defendants acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendants within the course and scope of the agency, regarding the acts and omissions alleged." *Id*. ¶ 22. This is especially true given Defendants share the same principal place of business. *Id*. ¶¶ 19-21.

These allegations sufficiently put Defendants on notice. Indeed, "[i]t may be especially appropriate to refer to defendants collectively where the defendants are related corporate entities, as opposed to unaffiliated entities or individuals, accused of acting in concert." *Kashef v. BNP Paribas SA*, 2021 WL 1614406 at *2 (S.D.N.Y. April 26, 2021). "As long as the plaintiff gives a factual basis for the joint activity by the defendants, a defendant has adequate notice of the claims against it." *Id*.; *see also McArdle-Bracelin v. Cong. Hotel, LLC*, 2022 WL 486805, at *7 (N.D.N.Y. Feb. 17, 2022) ("[A]sserting claims against a group of defendants is appropriate if those defendants allegedly acted in concert to violate a Plaintiff's rights.").

To the extent Defendants argue the pleadings are impermissible group pleadings based on the fact it believes "plaintiff lumps the defendants together even where the claims apply to one defendant," it could have moved to dismiss those claims on behalf of those Defendants. MTD at 10. Moreover, "[i]f Defendants still believe that the wrong parties are named in the complaint" as it relates to certain claims, "they are free to file a Rule 21 motion in due course." *Goetz v. Ainsworth Pet Nutrition, LLC*, 768 F. Supp. 3d 645, 653 (S.D.N.Y. 2025).

Therefore, given that the Complaint puts Defendants adequately on notice, Defendants' arguments of improper group pleadings should be denied.

## II.    PLAINTIFF PROPERLY ALLEGES A G.B.L. § 349 CLAIM

Defendants argue Plaintiff's claim under N.Y. Gen. Bus. L. § 349 ("NY GBL") must be dismissed because Defendants did not engage in consumer-oriented conduct and Defendants did not engage in deceptive conduct.  MTD at 11.  Both of these arguments fail.

First, As the New York Court of Appeals has held, "the General Business Law provisions at issue do not impose a requirement that consumer-oriented conduct be directed to all members of the public and, indeed, we have never implied that such a requirement exists." *Plavin v. Grp. Health Inc.*, 35 N.Y.3d 1, 13 (2020).  Instead, "[t]he 'consumer-oriented' requirement may be satisfied by showing that the conduct at issue 'potentially affect[s] similarly situated consumers.'" *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26–27 (1995)).  Here, as discussed below, Plaintiff adequately alleges that Defendants engage in systematic practices that Defendants apply to all tenants and prospective tenants within their residential buildings.  Plaintiff need not "identify others who have suffered from the same conduct." *42-50 21st St. Realty LLC v. First Cent. Sav. Bank*, 2022 WL 1004187, at *9 (E.D.N.Y. Apr. 4, 2022); *see also Kapsis v. Am. Home Mortg. Servicing Inc.*, 923 F. Supp. 2d 430, 450 (E.D.N.Y. 2013) (consumer-oriented conduct

sufficiently alleged when defendant allegedly serviced plaintiff's loans deceptively and defendant services many loans); *Donnenfeld v. Petro, Inc.*, 333 F. Supp. 3d 208, 223 (E.D.N.Y. 2018) (collecting cases); *Harte v. Ocwen Fin. Corp.*, No. 13-CV-5410 (MKB), 2014 WL 4677120, at *17 (E.D.N.Y. Sept. 19, 2014) (same).

Defendants' contention that Plaintiff fails to allege consumer-oriented conduct because his NY GBL claims are "premised upon his leases and the particular factual circumstances of his landlord/tenant relationship" is not well taken.  MTD at 14.  In 2005, a New York court explicitly extended GBL claims in landlord/tenant contract disputes:

> The court observes that plaintiff pleads that defendants own and manage a substantial number of rent-regulated apartments, and use the challenged forms for all lease renewals, so that the dispute is not simply a private contract dispute and generally claims involving residential rental units are a type of claim recognized under the statute … The defendants' point to no legislative intent indicated that those engaged in the residential real estate business are exempt from compliance with the consumer protection laws.

*Meyerson v. Prime Realty Servs., LLC*, 796 N.Y.S.2d 848, 856–57 (Sup. Ct. N.Y. Cnty. 2005). Here, Plaintiff pleads the same, in that Defendants' practices are uniform and are used on all tenants and perspective tenants.  For example, Plaintiff alleges that "Defendants ensured tenants and prospective tenants that by paying a security deposit, they were promised to have it returned to them within 14 days of vacating their unit."  Compl. ¶ 76.  "Tenants and prospective tenants also were promised they would receive the full amount of their security deposit back except for any damage beyond ordinary wear and tear."  *Id*. "After entering into leases with Defendants however, Plaintiff and New York Class members were deceived in that they did not receive their security deposits back within the 14 day period, and/or Defendants' unlawfully subtracted from their deposits for ordinary wear and tear or other unlawful fees."  *Id*.  These allegations show a

common practice that apply to all Class Members.  To the extent Defendants argue otherwise, that is an issue of fact not ripe at this juncture.

Defendants' reliance on a handful of New York County Supreme Court decisions (MTD at 12-13) to argue NY GBL claims cannot be brought by tenants against landlords is trumped by case law from New York appellate courts as well as courts in this District and are otherwise distinguishable.  *See Buyers & Renters United to Save Harlem v. Pinnacle Grp. N.Y. LLC*, 575 F. Supp. 2d 499, 512 (S.D.N.Y. 2008) ("Defendants argue that a landlord-tenant relation is contractual, not consumer oriented, and therefore not subject to the consumer protection laws. However, New York courts, interpreting consumer protection statutes, give tenants private rights of action against their landlords."); *23 Realty Associates v. Teigman*, 213 A.D.2d 306, 308 (1st Dep't 1995) ("The Department of Consumer Affairs has given notice that the offering of rental housing is a legitimate area of interest for consumer protection against deceptive advertising and misrepresentation, and we agree.").

Moreover, *Aguaiza v. Vantage Properties, LLC*, 2009 WL 1511791 (N.Y. Sup. Ct. May 21, 2009), which Defendants rely on, supports Plaintiff's claims.  MTD at 13.  In *Aguaiza*, the court found that the ten plaintiffs could not bring NY GBL claims premised on allegations that they were discriminated against by their landlord based on race because it was not directed at the public at large.  2009 WL 1511791, at *6.  More importantly, the holding was based on the fact the plaintiffs were rent stabilized tenants.  As the court explained, "while the modern trend seemingly is to convert a traditional contract of a leasehold interest into a consumer-oriented contract for household services … the Rent Stabilization Code which governs the parties' leasehold relationship does not define a tenant as a consumer of household services[.]"  *Id.*  Here,

of course, the dispute is not governed by the Rent Stabilization Code and therefore the "modern trend" applies.

Defendants' arguments regarding the applicability of *Seidler v. JPMorgan Chase Bank*, 2024 WL 344551 (S.D.N.Y. Jan. 12, 2024), *report and recommendation adopted*, 2024 WL 343299 (S.D.N.Y. Jan. 30, 2024) to the present case similarly fail.  MTD at 13.  In *Seidler*, the plaintiff's allegations were premised on individual one-on-one conversations with employees of the defendant.  *Id.* at *5.  The court correctly held that "there are no allegations in the amended complaint suggesting that the same representation made to Seidler was made to other customers experiencing similar fraudulent wire transfers."  *Id.*  Here, however, Plaintiff alleges that the false and misleading representations were systematic to all in that they were made in the lease agreements, and were part of Defendants' policies, such as their policy of issuing misleading statements showing the "Apartment Cleaning" and "Apartment Painting" fee deductions for ordinary wear and tear from Class Members' security deposits.  Compl. ¶¶ 35, 41, 76-77, 80.  Thus, Plaintiff's allegations are sufficient and do not rely on one-on-one conversations, but rather documented policies and procedures.

Lastly, Defendants' contention that Plaintiff's NY GBL claims must be dismissed because he "has not alleged any deceptive conduct independent of his allegations that the defendants purportedly" breached the lease and violated GOL 7-108 must be rejected.  MTD at 16.  Plaintiff "make[s] a free-standing claim of deceptiveness under GBL § 349 that happens to overlap with a possible claim" under GOL 7-108.  *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 200 (2d Cir. 2005).  Plaintiff explicitly alleges that Defendants made false and misleading representations regarding the security deposit deductions.  Compl. ¶¶ 2, 35, 76-77, 80.  This is a far cry from the allegations in *Broder*, where the plaintiffs did not identify any statements at all, and rather argued

that "Defendants' conduct in failing to provide plaintiff and the Class ... with the notice of the Winter Season rates as required under PSL § 224–a(4) *constitutes* materially deceptive acts or practices[.]" *Broder*, 418 F.3d at 200 (emphasis in original). Plaintiff here is not arguing that Defendants violated NY GBL automatically by failing to comply with GOL 7-108. Rather, Plaintiff's claim is "free-standing" from the violations of GOL 7-108 as they are tied to actual false and misleading statements. *See Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 127 (2d Cir. 2017) (relying on *Broder* in holding "Garage's plausible evidence that Insurer engaged in inherently deceptive conduct relating to labor rates supports a viable claim of violation of GBL § 349, regardless of whether the conduct also violated § 2601 of the N.Y. Ins. Law.").

Defendants misconstrue Plaintiff's allegations to argue that his NY GBL claims must be dismissed because they are based on claims that Defendants violated the terms of the lease. MTD at 16. Plaintiff alleges that Defendants provided Plaintiff with a statement that reflected the charges against his deposit, including a cleaning fee and apartment fee. Compl. ¶ 17. These statements, while failing to comport with the terms of the lease, were also materially misleading in and of themselves, as they misrepresented what Plaintiff and Class Members actually owed, and materially misled Plaintiff and Class Members into believing these deductions were proper. These facts are distinguishable from *Perks v. TD Bank, N.A.*, 444 F. Supp. 3d 635 (S.D.N.Y. 2020), which Defendants rely on, as the plaintiffs in Perks did not allege that the defendant "concealed or misrepresented any contractual terms." *Id*. at 642 (quoting *Costoso v. Bank of Am., N.A.*, 74 F. Supp. 3d 558, 575 (E.D.N.Y. 2015)). Here, as explained, Defendants did "misleading[ly] represent[] the terms of" the lease in issuing the statements for deductions. *Id*. Specifically, Defendants misleadingly represented what constitutes wear and tear and what Plaintiff and Class Members were liable for. *See 42-50 21st St. Realty LLC v. First Cent. Sav. Bank*, 2022 WL

9

1004187, at *11 (E.D.N.Y. Apr. 4, 2022) (declining to dismiss a § 349 claim where the defendants' actions after entering a contract constitute a deceptive practice separate and apart from the allegations of breach of contract). Therefore, Plaintiff properly pleads a claim for GBL § 349.

## III.    PLAINTIFF'S CLAIM FOR BREACH OF IMPLIED GOOD FAITH AND FAIR DEALING IS NOT DUPLICATIVE

Defendants do not move to dismiss Plaintiff's breach of contract claim. Instead, Defendants move to dismiss Plaintiff's claim for breach of implied faith and fair dealing. MTD at 16-18. Specifically, Defendants claim that since "plaintiff's claim for breach of the implied covenant of good faith and fair dealing arises from the same allegations as his breach of contract claim," *id.* at 17, it "must be dismissed as duplicative," *id.* at 18. Defendants are mistaken.

While New York does not recognize a separate cause of action for a claim of breach of implied faith and fair dealing, it may still be alleged in the alternative, especially where there are additional allegations and where there may be doubt over the contract. *Hard Rock Cafe Int'l, (USA), Inc. v. Hard Rock Hotel Holdings*, LLC, 808 F. Supp. 2d 552, 567 (S.D.N.Y. 2011) ("[W]here the existence or meaning of a contract is in doubt, a party may plead a claim for breach of the covenant of good faith and fair dealing in the alternative."); *Nuance Commc'ns, Inc. v. Int'l Bus. Machines Corp.*, 544 F. Supp. 3d 353, 373 (S.D.N.Y. 2021), *aff'd*, 2022 WL 17747782 (2d Cir. Dec. 19, 2022). ("[T]here may be a breach of an express provision through conduct that constitutes a breach of the implied covenant."). Here, Plaintiff brings this case as a class action and, although it is alleged, Defendants may dispute the existence and form of putative Class Members' contracts at a later point, as such Plaintiff brings the claims in the alternative. *See LCM XXII Ltd. v. Serta Simmons Bedding, LLC*, 2022 WL 953109, at *15 (S.D.N.Y. Mar. 29, 2022) (allowing alternative claims for breach of implied faith and fair dealing to go forward where plaintiffs "have pleaded sufficient facts to make out their implied-covenant claim"); *id.* ¶ 103 ("***In***

***addition***, there exists an implied covenant of good faith and fair dealing in all contracts …")
(emphasis added).  Therefore, there is no "risk of redundant recoveries."  *See LCM XXII Ltd.*, 2022
WL 953109, at \*15. Moreover, specific to the breach of implied faith and fair dealing claim,
Plaintiff alleges that Defendants acted in bad faith by representing that it would not charge for
wear and tear but then choosing to charge those illegal fees.  Compl. ¶ 105.

Defendants' cited cases are inapposite.  *Rank Grp. Ltd. v. Alcoa., Inc.*, 2018 WL 1388516
(S.D.N.Y. Mar. 19, 2018) was decided at the summary judgement stage.  In this case, to the extent
that the facts bear out that the claims will be duplicative, Plaintiff will propose one of the two
claims at summary judgment but at this stage he is permitted to pursue his claims in the alternative.
In *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454 (S.D.N.Y. 2016) and *Catalyst Advisors, L.P. v.
Catalyst Advisors Invs. Glob. Inc.*, 602 F. Supp. 3d 663 (S.D.N.Y. 2022) there was no factual
distinction between the claims and there was no doubt over the contract.  Here, by contrast,
Plaintiff claims that Defendants were acting in bad faith and there is still discovery needed
surrounding the putative class's contracts.  This Court has repeatedly allowed such claims to be
plead in the alternative.  See *Bella v. Wilton Reassurance Life of New York*, 2025 WL 1616851, at
\*8 (S.D.N.Y. June 5, 2025) (Broderick, J.) ("At this stage, because I find the Contract ambiguous
and have not determined its meaning, … I find that it is too soon to dismiss Plaintiff's alternative
basis of relief under the implied covenant of good faith and fair dealing."). "Thus, at this stage,
accepting all [Plaintiff's] allegations as true and making all reasonable inferences in his favor,
[Plaintiff's] implied covenant of good faith and fair dealing claim is properly pled in the alternative
and is not duplicative of his breach of contract claim." *Franko v. Lewnowski*, 2023 WL 2989050,
at \*5 (S.D.N.Y. Apr. 18, 2023) (Broderick, J.) (denying motion to dismiss breach of good faith

and fair dealing as duplicative). To the extent that the Court finds that more facts need to be pled

to sustain both claims at this stage, Plaintiff respectfully requests leave to amend.

## IV.    PLAINTIFF PROPERLY PLEADS UNJUST ENRICHMENT IN THE ALTERNATIVE

Defendants argue Plaintiff's cause of action for unjust enrichment is improper because it

is duplicative of his breach of contract claim and other statutory claims. MTD at 18. However,

Defendants' argument defies a plain reading of Fed. R. Civ. P. 8(d)(3), which provides that "[a]

party may state as many separate claims or defenses as it has, regardless of consistency." *See also*

*Adler v. Pataki*, 185 F.3d 35, 41 (2d Cir. 1999) (Rule 8(d) "offers sufficient latitude to construe

separate allegations in a complaint as alternative theories, at least when drawing all inferences in

favor of the nonmoving party as we must do in reviewing orders granting motions to dismiss.");

*Barnet v. Drawbridge Special Opportunities Fund LP*, 2014 WL4393320, at *22 (S.D.N.Y. Sept.

5, 2014) (explaining "a claim for unjust enrichment may be pleaded in the alternative to other

claims"); *Hallmark Aviation Ltd. v. AWAS Aviation Servs., Inc.*, 2013 WL 1809721, at *5

(S.D.N.Y. Apr. 30, 2013) (collecting cases refusing to dismiss unjust enrichment claims at the

motion to dismiss stage because a plaintiff is not required to guess whether he or she will ultimately

be successful in contract, tort, or quasi contract). Thus, "even though Plaintiff[ ] may not

ultimately recover under both [theories], courts ... routinely allow plaintiffs to plead such claims

in the alternative." *Nat'l Convention Servs., L.L.C. v. Applied Underwriters Captive Risk

Assurance Co., Inc.*, 239 F. Supp. 3d 761, 795 (S.D.N.Y. 2017*); see also Transcience Corp. v. Big

Time Toys, LLC*, 50 F. Supp. 3d 441, 452 (S.D.N.Y. 2014) (collecting cases). In fact, this

Court allows unjust enrichment to be pled in the alternative to other claims. *See, e.g.*, *Saidnia v.

Nimbus Mining LLC*, 2023 WL 7005037, at *9 (S.D.N.Y. Oct. 24, 2023) (Broderick, J.)

("Although it is true that [plaintiff] may not ultimately recover under the same theory for both

breach of contract and unjust enrichment, at this stage it is completely appropriate for a plaintiff to plead in the alternative."). This is especially true here where Defendants deceptively classified its charges for wear and tear as "Apartment Cleaning" and "Apartment Painting" fees and the extent of the contracts are not clear at this stage. As such, Plaintiff is allowed to plead unjust enrichment in the alternative.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion should be denied. To the extent the Court grants any aspect of Defendants' Motion, Plaintiff respectfully requests leave to amend to cure any such deficiencies.

Dated: November 13, 2025               Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Philip L. Fraietta*
       Philip L. Fraietta

Philip L. Fraietta
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0708
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Israel Rosenberg
Caroline C. Donovan
1330 Avenue of the Americas, Floor 32
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: irosenberg@bursor.com
          cdonovan@bursor.com

## <u>WORD COUNT CERTIFICATION</u>

Pursuant to Local Rule 7.1(c), counsel for Plaintiff Elliot Werner certifies that this memorandum of law complies with the word count limit as it contains 4,130 words.

*/s/ Philip L. Fraietta*
Philip L. Fraietta
