UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELLIOTT WERNER, *individually and on behalf of all others similarly situated*,

Plaintiff,

- against -

EQUITY RESIDENTIAL, *et al.*,

Defendants.

---

25-CV-6130 (VSB) (SLC)

**OPINION & ORDER**

Appearances:

Caroline Cella Donovan
Israel Rosenberg
Bursor & Fisher, P.A.
New York, NY

Philip Lawrence Fraietta
Bursor & Fisher, P.A.
White Plains, NY
*Counsel for Plaintiff*

Bradley William Jennings
Keara M. Gordon
Rachael C. Kessler
DLA Piper US LLP
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

On July 25, 2025, Plaintiff Elliott Werner ("Plaintiff" or "Werner") filed this putative class action alleging that Defendants Equity Residential ("EQR"), ERP Operating Limited Partnership ("ERP"), and Equity Residential Management, LLC ("ERM") (collectively, "Defendants") improperly charged him and other tenants for wear and tear on their residential rental apartments in violation of New York law and their lease agreements. (*See generally* Doc.

1; Doc. 26 at 1). On October 3, 2025, Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 19.) On November 13, 2025, Werner filed an opposition, (Doc. 26), and on December 16, 2025, Defendants filed their reply, (Doc. 27). On May 4, 2026, I referred the case to Magistrate Judge Sarah L. Cave for a Report & Recommendation on Defendants' motion to dismiss. (Doc. 28.)

On June 25, 2026, Magistrate Judge Cave issued a 23-page Report and Recommendation (the "Report and Recommendation" or "Report") suggesting that: (1) "[t]he Wear and Tear Claim and the Contract Claim be dismissed without prejudice and with leave to amend"; and (2) "[t]he Section 349, Good Faith, and Unjust Enrichment Claims be dismissed with prejudice and without leave to amend." (Doc. 33 ("Report") at 22.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *see also Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) ("I am permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." (internal quotation marks omitted and alterations adopted)).

Although the Report explicitly provided that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure," (Report 23), no party filed an objection. Indeed, on July 22, 2026, Plaintiff indicated that he decided not to file an objection to the Report and "intends to file an amended

complaint within 21 days after the Court enters an order on Defendants' Motion to Dismiss." (Doc. 38.) Accordingly, I have reviewed Magistrate Judge Cave's detailed and well-reasoned Report and Recommendation for clear error and, after careful review, find none. I therefore ADOPT the Report and Recommendation in its entirety.

Plaintiff shall file an amended complaint within 21 days of this order. The Clerk of Court is respectfully directed to close the motion at Document 19.

SO ORDERED.

Dated: August 28, 2026
New York, New York

Vernon S. Broderick
United States District Judge